UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 7349**

NEWTON RODRIGUEZ,

                    Plaintiff,

                    -against-

**JUDGE McMAHON**

**NOTICE OF REMOVAL**

MODERN HANDLING EQUIPMENT OF NJ, INC.,
MODERN HANDLING EQUIPMENT OF NEW YORK,
INC., MODERN GROUP LTD., MODERN, STARLIFT
EQUIPMENT CO., INC.,

                    Defendants.

———————————————————————X

**RECEIVED**
**AUG 1 7 2007**
**U.S.D.C. S.D. N.Y.**
**CASHIERS**

<u>**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE SOUTHERN DISTRICT OF NEW YORK**</u>

The Petitioner, STARLIFT EQUIPMENT CO., INC., defendant in the above-captioned action, by its attorneys, WHITE FLEISCHNER & FINO LLP, respectfully shows the Court:

1.    This petitioner is a defendant in the instant action.

2.    The action was commenced by service of a Summons and Verified Complaint in the Supreme Court, State of New York, County of Bronx on or about March 12, 2007. *(A copy of said Summons and Verified Complaint is attached hereto as "Exhibit A")*

3.    Concurrent with its Answer, the petitioner served a Demand for Relief on or about May 11, 2006. Plaintiff served its Response to Demand for Relief on July 31, 2007. *(Copies of said Demand for Relief and Response to Demand for Relief are attached hereto as "Exhibit B")*

4.    The plaintiff in the above-captioned action alleges to have sustained personal injuries as a result of an accident involving a forklift and occurring on or about June 7, 2005 at 441 Saw Mill River Road, Yonkers, New York.

5.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332 because there is complete diversity in the matter and the amount exceeds the sum of $75,000.00 exclusive of interest and costs.

6.    The defendant STARLIFT EQUIPMENT CO., INC. is a New Jersey corporation with its principal place of business in the State of Connecticut.

7.    Upon information and belief, plaintiff Newton Rodriguez is and was at the time of the commencement of this action, a citizen of the State of New York.

8.    Upon information and belief, defendant MODERN HANDLING EQUIPMENT OF N.J., INC. is a New Jersey Corporation with its principal place of business located in the State of New Jersey.

9.    Upon information and belief defendant MODERN GROUP LTD. is a Delaware Corporation with its principal place of business located in the State of Pennsylvania.

10.    Co-defendants MODERN HANDLING EQUIPMENT OF NJ, INC. and MODERN GROUP LTD. consent to the removal of this action. *(Attached as "Exhibit C" is a copy of correspondence from co-defendants' counsel wherein co-defendants consent to removal)*

11.    Co-defendant MODERN HANDLING EQUIPMENT OF NEW YORK, INC. dissolved prior to the alleged incident that forms the subject matter of plaintiff's causes of action and is no longer in existence. *(See "Exhibit C")*

12.    The underlying controversy and every genuine issue of law and fact herein is wholly between a citizen of the State of New York and citizens of a state or territory other than New York.

WHEREFORE, petitioner prays that the instance action now pending before the Supreme Court in the State of New York, County of Bronx, be removed therefrom to the United States District Court of the Southern District of New York, and for such other and further relief as is just and proper.

Dated: New York, New York
      August 17, 2007

                        Yours, etc.,

                        WHITE FLEISCHNER & FINO, LLP

                        By:

                            Deanna E. Hazen (DEH8120)
                        Attorneys for Defendant
                        STAIRLIFT EQUIPMENT CO., INC.
                        140 Broadway - 36th Floor
                        New York, New York 10005
                        (212) 487-9700
                        Our File No.: 101-12610-D-DEH/SEH

TO:    (See Attached Affidavit)

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

NEWTON RODRIGUEZ,

                         Plaintiff,

              -against-

MODERN HANDLING EQUIPMENT OF N.J., INC.,
MODERN HANDLING EQUIPMENT OF NEW YORK,
INC., MODERN GROUP LTD., MODERN, STARLIFT
EQUIPMENT CO, INC.,

                         Defendants.

------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index No.:

*(received stamp: 2007 MAR 13 AM 9: 05 COUNTY CLERK BRONX COUNTY — RECEIVED)*

Plaintiff, **NEWTON RODRIGUEZ**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

1. That on and prior to June 7, 2005, plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. That this action falls within one or more of the exemptions set forth in CPLR § 1602.

3. That at all times hereinafter mentioned on or prior to June 7, 2005, the defendant, **MODERN HANDLING EQUIPMENT OF N.J., INC.,** was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

5. That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was and still is a foreign

Law Offices
AYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
 YORK, NEW YORK 10038

2

corporation duly authorized to do business in the State of New York.

6.    That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

7.    That at all times herein mentioned on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was and still is a business entity, conducting business in the State of New York.

8.    That **MODERN HANDLING EQUIPMENT OF N.J., INC.,** itself, or by an agent, transacts or has transacted business in the State of New York, or contracts or contracted anywhere to provide goods or services in the State of New York.

9.    That **MODERN HANDLING EQUIPMENT OF N.J., INC.** itself, or by an agent committed a tortuous act within the State of New York.

10.    That **MODERN HANDLING EQUIPMENT OF N.J. INC.,** itself, or by an agent committed a tortuous act outside the State of New York, which caused injury to plaintiff in the State of New York, and regularly does or solicits business in the State of New York or engages in other persistent course of conduct in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York, or expects or should reasonably expects its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

11.    That **MODERN HANDLING EQUIPMENT OF N.J. INC.,** owns real property in the State of New York.

12.    That **MODERN HANDLING EQUIPMENT OF N.J. INC.** owns, uses, or possesses real property within the State of New York.

13.    That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J. INC.** maintained a principal

Law Offices
RAYES & ASSOCIATES, P.C.
100 WILLIAM STREET
N YORK, NEW YORK 10038

3

place of business at 75 New Street, Edison, NJ 08837.

14. That at all times hereinafter mentioned on or prior to June 7, 2005, the defendant, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.**, was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

15. That at all times hereinafter mentioned on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

16. That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was and still is a foreign corporation duly authorized to do business in the State of New York.

17. That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

18. That at all times herein mentioned on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was and still is a business entity, conducting business in the State of New York.

19. That **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.**, itself, or by an agent, transacts or has transacted business in the State of New York, or contracts or contracted anywhere to provide goods or services in the State of New York.

20. That **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** itself, or by an agent committed a tortuous act within the State of New York.

21. That **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.**, itself, or by an agent committed a tortuous act outside the State of New York, which

Law Offices
KRAYER & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

4

caused injury to plaintiff in the State of New York, and regularly does or solicits business in the State of New York or engages in other persistent course of conduct in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York, or expects or should reasonably expects its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

22. That **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.**, owns real property in the State of New York.

23. That **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** owns, uses, or possesses real property within the State of New York.

24. That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** maintained a principal place of business at 2501 Durham Road, Bristol, PA 19007.

25. That at all times hereinafter mentioned on or prior to June 7, 2005, the defendant, **MODERN GROUP LTD.**, was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

26. That at all times hereinafter mentioned on or prior to June 7, 2005, **MODERN GROUP LTD.** was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

27. That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN GROUP LTD.** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

28. That at all times herein mentioned on or prior to June 7, 2005, **MODERN GROUP LTD.** was and still is a business entity, conducting business in the State of New York.

Law Offices
HAYES & ASSOCIATES, P.C.
100 WILLIAM STREET
N YORK, NEW YORK 10038

29.    That **MODERN GROUP LTD.**, itself, or by an agent, transacts or has transacted business in the State of New York, or contracts or contracted anywhere to provide goods or services in the State of New York.

30.    That **MODERN GROUP LTD.** itself, or by an agent committed a tortuous act within the State of New York.

31.    That **MODERN GROUP LTD.**, itself, or by an agent committed a tortuous act outside the State of New York, which caused injury to plaintiff in the State of New York, and regularly does or solicits business in the State of New York or engages in other persistent course of conduct in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York, or expects or should reasonably expects its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

32.    That **MODERN GROUP LTD.**, owns real property in the State of New York.

33.    That **MODERN GROUP LTD.** owns, uses, or possesses real property within the State of New York.

34.    That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN GROUP LTD.** maintained a principal place of business at 75 New Street, Edison, NJ 08837.

35.    That at all times hereinafter mentioned on or prior to June 7, 2005, the defendant, **MODERN**, was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

36.    That at all times hereinafter mentioned on or prior to June 7, 2005, **MODERN** was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

37.    That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN** was and still is a foreign corporation duly authorized to do business

Law Offices
SAYEB & ASSOCIATES, P.C.
108 WILLIAM STREET
N YORK, NEW YORK 10038

in the State of New York.

38.     That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

39.     That at all times herein mentioned on or prior to June 7, 2005, **MODERN** was and still is a business entity, conducting business in the State of New York.

40.     That **MODERN**, itself, or by an agent, transacts or has transacted business in the State of New York, or contracts or contracted anywhere to provide goods or services in the State of New York.

41.     That **MODERN**, itself, or by an agent committed a tortuous act within the State of New York.

42.     That **MODERN**, itself, or by an agent committed a tortuous act outside the State of New York, which caused injury to plaintiff in the State of New York, and regularly does or solicits business in the State of New York or engages in other persistent course of conduct in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York, or expects or should reasonably expects its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

43.     That **MODERN**, owns real property in the State of New York.

44.     That **MODERN** owns, uses, or possesses real property within the State of New York.

45.     That at all times herein mentioned, and on, or prior to, June 7, 2005, **MODERN** maintained a principal place of business at 75 New Street, Edison, NJ 08837.

46.     That at all times hereinafter mentioned on or prior to June 7, 2005, the defendant, **STARLIFT EQUIPMENT CO, INC.** (hereinafter mentioned

Law Offices
RAYEB & ASSOCIATES, P.C.
108 WILLIAM STREET
N YORK, NEW YORK 10038

7

"STARLIFT"), was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

47. That at all times hereinafter mentioned on or prior to June 7, 2005, **STARLIFT** was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

48. That at all times herein mentioned, and on, or prior to, June 7, 2005, **STARLIFT** was and still is a foreign corporation duly authorized to do business in the State of New York.

49. That at all times herein mentioned, and on, or prior to, June 7, 2005, **STARLIFT** was and still is a foreign corporation duly authorized to do business in the State of New York.

50. That at all times herein mentioned, and on, or prior to, June 7, 2005, **STARLIFT** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

51. That at all times herein mentioned on or prior to June 7, 2005, **STARLIFT** was and still is a business entity, conducting business in the State of New York.

52. That **STARLIFT**, itself, or by an agent, transacts or has transacted business in the State of New York, or contracts or contracted anywhere to provide goods or services in the State of New York.

53. That **STARLIFT** itself, or by an agent committed a tortuous act within the State of New York.

54. That **STARLIFT**, itself, or by an agent committed a tortuous act outside the State of New York, which caused injury to plaintiff in the State of New York, and regularly does or solicits business in the State of New York or engages in other persistent course of conduct in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York, or expects or should reasonably expects its acts to have

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
N YORK, NEW YORK 10038

8

consequences in the State of New York and derives substantial revenue from interstate or international commerce.

55.   That **STARLIFT**, owns real property in the State of New York.

56.   That **STARLIFT** owns, uses, or possesses real property within the State of New York.

57.   That at all times herein mentioned, and on, or prior to, June 7, 2005, **STAFLIFT** maintained a principal place of business at 829 1st Avenue, West Haven, CT 06510-2715.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF NEWTON RODRIGUEZ

58.   Plaintiff, **NEWTON RODRIGUEZ**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" together with the same force and effect as though same were more fully set forth at length herein.

59.   That on and prior to June 7, 2005, defendant, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was in the business of manufacturing forklifts.

60.   That on and prior to June 7, 2005, defendant, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was in the business of selling forklifts.

61.   That on and prior to June 7, 2005, defendant, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was in the business of distributing forklifts.

62.   That on or prior to June 7, 2005, one of the products manufactured by **MODERN HANDLING EQUIPMENT OF N.J., INC.** was known as a Hyster H50XL forklift.

63.   That at all times herein mentioned the defendant **MODERN HANDLING EQUIPMENT OF N.J., INC.** was in the business of selling, manufacturing and/or distributing the Hyster H50XL forklift for the purpose of sale and use to businesses and the general public.

Law Offices
JRAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
3W YORK, NEW YORK 10038

64. That at all times herein mentioned and prior to June 7, 2005, the defendant **MODERN HANDLING EQUIPMENT OF N.J., INC.** manufactured, sold, distributed and/or delivered to various retailers the said product.

65. That on or prior to June 7, 2005 **MODERN HANDLING EQUIPMENT OF N.J., INC.** sold a Hyster H50XL forklift to **AMERICAN SPECIALITIES, INC.**

66. That on or prior to June 7, 2005 **MODERN HANDLING EQUIPMENT OF N.J., INC.** sold to **AMERICAN SPECIALTIES, INC.** a Hyster H50XL forklift , serial number C177B14816P.

67. That on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J., INC.** manufactured said Hyster H50XL forklift, C177B14816P, sold to **AMERICAN SPECIALTIES, INC.**

68. That on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J., INC.** was advised of a problem with the brakes of said forklift.

69. That on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF N.J., INC.** had entered into a service and/or maintenance contract with defendant **AMERICAN SPECIALTIES, INC.**, which included said forklift.

70. That on or prior to June 7, 2005, **MODERN HANLDING EQUIPMENT OF N.J., INC.** made repairs to the brakes of said forklift.

71. That said repairs were made in a negligent and/or careless manner.

72. That on June 7, 2005, plaintiff, **NEWTON RODRIGUEZ** operated a Hyster H50XL forklift, C177B14816P at 441 Saw Mill River Road, Yonkers, New York.

73. That on June 7, 2005, plaintiff **NEWTON RODRIGUEZ** was engaged in employment at the above-mentioned premises and used the said product of defendant **MODERN HANDLING EQUIPTMENT OF N.J. INC.**

74. That the defendant **MODERN HANDLING EQUIPMENT OF N.J., INC.** warranted that said product was fit for the purpose for which it was intended.

75. That the defendant **MODERN HANDLING EQUIPMENT OF N.J., INC.**

Law Offices
FAYEB & ASSOCIATES, P.C.
108 WILLIAM STREET
NEW YORK, NEW YORK 10038

10

warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

76.  That the defendant **MODERN HANDLING EQUIPMENT OF N.J., INC.** warranted that said product was of merchantable quality and was safe for use.

77.  That in reliance on said warranties plaintiff used defendant's product.

78.  That on June 7, 2005, plaintiff proceeded to use the said product for work in the above-mentioned premises in accordance with its intended use.

79.  That plaintiff, on June 7, 2005, while using the forklift in accordance with its intended use, was caused to suffer and sustain bodily injuries.

80.  That defendant put into the stream of commerce a product that was defectively designed manufactured and hazardous and unsafe for its intended use.

81.  That the aforesaid accident was caused solely and wholly by reason that defendant **MODERN HANDLING EQUIPMENT OF N.J., INC.** breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied, and was negligence in the manufacture, distribution and/or sale of said product.

82.  That plaintiff **NEWTON RODRIGUEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendant **MODERN HANDLING EQUIPTMENT OF N.J., INC.**, its agents, servants, licensees and/or employees, in failing to use proper skill in manufacturing, designing and labeling of said product and its container; in failing to provide for basic, common, safety principles and features; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment, in accordance with the instructions, was defective and was unsafe and hazardous; in failing to give proper and timely notice to plaintiff of the

Law Offices
KRAMER & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

11

defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use; in failing to provide a safe product and causing, creating and allowing a defective, improper and poorly labeled product; by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designed labels, and warnings, and releasing same for its use to the general public; and in otherwise being careless and negligent.

83.  That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdiction of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF NEWTON RODRIGUEZ

84.  Plaintiff, **NEWTON RODRIGUEZ**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "83" together with the same force and effect as though same were more fully set forth at length herein.

85.  That on and prior to June 7, 2005, defendant, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was in the business of manufacturing forklifts.

Law Offices
RAYES & ASSOCIATES, P.C.
100 WILLIAM STREET
N YORK, NEW YORK 10038

12

86.  That on and prior to June 7, 2005, defendant, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was in the business of selling forklifts.

87.  That on and prior to June 7, 2005, defendant, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was in the business of distributing forklifts.

88.  That on or prior to June 7, 2005, one of the products manufactured by **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was known as a Hyster H50XL forklift.

89.  That at all times herein mentioned the defendant **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was in the business of selling, manufacturing and/or distributing the Hyster H50XL forklift for the purpose of sale and use to businesses and the general public.

90.  That at all times herein mentioned and prior to June 7, 2005, the defendant **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** manufactured, sold, distributed and/or delivered to various retailers the said product.

91.  That on or prior to June 7, 2005 **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** sold a Hyster H50XL forklift to **AMERICAN SPECIALITIES, INC.**

92.  That on or prior to June 7, 2005 **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** sold to **AMERICAN SPECIALTIES, INC.** a Hyster H50XL forklift, serial number C177B14816P.

93.  That on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** manufactured said Hyster H50XL forklift, C177B14816P, sold to **AMERICAN SPECIALTIES, INC.**

94.  That on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** was advised of a problem with the brakes of said forklift.

95.  That on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** had entered into a service and/or maintenance contract

Law Offices
XRAYES & ASSOCIATES, P.C.
140 WILLIAM STREET
EW YORK, NEW YORK 10038

with defendant **AMERICAN SPECIALTIES, INC.**, which included said forklift.

96. That on or prior to June 7, 2005, **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** made repairs to the brakes of said forklift.

97. That said repairs were made in a negligent and/or careless manner.

98. That on June 7, 2005, plaintiff, **NEWTON RODRIGUEZ** operated a Hyster H50XL forklift, C177B14816P at 441 Saw Mill River Road, Yonkers, New York.

99. That on June 7, 2005, plaintiff **NEWTON RODRIGUEZ** was engaged in employment at the above-mentioned premises and used the said product of defendant **MODERN HANDLING EQUIPTMENT OF NEW YORK, INC.**

100. That the defendant **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** warranted that said product was fit for the purpose for which it was intended.

101. That the defendant **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

102. That the defendant **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** warranted that said product was of merchantable quality and was safe for use.

103. That in reliance on said warranties plaintiff used defendant's product.

104. That on June 7, 2005, plaintiff proceeded to use the said product for work in the above-mentioned premises in accordance with its intended use.

105. That plaintiff, on June 7, 2005, while using the forklift in accordance with its intended use, was caused to suffer and sustain bodily injuries.

106. That defendant put into the stream of commerce a product which was defectively designed manufactured and hazardous and unsafe for its intended use.

14

107.  That the aforesaid accident was caused solely and wholly by reason that defendant **MODERN HANDLING EQUIPMENT OF NEW YORK, INC.** breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied, and its negligence in the manufacture, distribution and/or sale of said product.

108.  That plaintiff **NEWTON RODRIGUEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendant **MODERN HANDLING EQUIPTMENT OF NEW YORK, INC.**, its agents, servants, licensees and/or employees, in failing to use proper skill in manufacturing, designing and labeling of said product and its container;  in failing to provide for basic, common, safety principles and features;  in labeling the product in a defective and improper manner;  in failing to advise plaintiff that the equipment, in accordance with the instructions, was defective and was unsafe and hazardous;  in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use;  in failing to provide a safe product and causing, creating and allowing a defective, improper and poorly labeled product;  by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist;  in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product;  in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designed labels, and warnings, and releasing same for its use to the general public;   and in otherwise being careless and negligent.

Law Offices
KRAYES & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

15

109. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdiction of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF NEWTON RODRIGUEZ

110. Plaintiff, **NEWTON RODRIGUEZ**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "109" together with the same force and effect as though same were more fully set forth at length herein.

111. That on and prior to June 7, 2005, defendant, **MODERN GROUP LTD.** was in the business of manufacturing forklifts.

112. That on and prior to June 7, 2005, defendant, **MODERN GROUP LTD.** was in the business of selling forklifts.

113. That on and prior to June 7, 2005, defendant, **MODERN GROUP LTD.** was in the business of distributing forklifts.

114. That on or prior to June 7, 2005, one of the products manufactured by **MODERN GROUP LTD.** was known as a Hyster H50XL forklift.

115. That at all times herein mentioned the defendant **MODERN GROUP LTD.** was in the business of selling, manufacturing and/or distributing the Hyster H50XL forklift for the purpose of sale and use to businesses and the general public.

116. That at all times herein mentioned and prior to June 7, 2005, the defendant **MODERN GROUP LTD.** manufactured, sold, distributed and/or delivered to various retailers the said product.

117. That on or prior to June 7, 2005 **MODERN GROUP LTD.** sold a Hyster H50XL forklift to **AMERICAN SPECIALTIES, INC.**

Law Offices
RAWEB & ASSOCIATES, P.C.
108 WILLIAM STREET
W YORK, NEW YORK 10038

16

118. That on or prior to June 7, 2005 **MODERN GROUP LTD.** sold to **AMERICAN SPECIALTIES, INC.** a Hyster H50XL forklift , serial number C177B14816P.

119. That on or prior to June 7, 2005, **MODERN GROUP LTD.** manufactured said Hyster H50XL forklift, C177B14816P, sold to **AMERICAN SPECIALTIES, INC.**

120. That on or prior to June 7, 2005, **MODERN GROUP LTD.** was advised of a problem with the brakes of said forklift.

121. That on or prior to June 7, 2005, **MODERN GROUP LTD.** had entered into a service and/or maintenance contract with defendant **AMERICAN SPECIALTIES, INC.**, which included said forklift.

122. That on or prior to June 7, 2005, **MODERN GROUP LTD.** made repairs to the brakes of said forklift.

123. That said repairs were made in a negligent and/or careless manner.

124. That on June 7, 2005, plaintiff, **NEWTON RODRIGUEZ** operated a Hyster H50XL forklift, C177B14816P at 441 Saw Mill River Road, Yonkers, New York.

125. That on June 7, 2005, plaintiff **NEWTON RODRIGUEZ** was engaged in employment at the above-mentioned premises and used the said product of defendant **MODERN GROUP LTD.**

126. That the defendant **MODERN GROUP LTD.** warranted that said product was fit for the purpose for which it was intended.

127. That the defendant **MODERN GROUP LTD.** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

128. That the defendant **MODERN GROUP LTD.** warranted that said product was of merchantable quality and was safe for use.

129. That in reliance on said warranties plaintiff used defendant's product.

130. That on June 7, 2005, plaintiff proceeded to use the said product for work in the above-mentioned premises in accordance with its intended use.

17

131. That plaintiff, on June 7, 2005, while using the forklift in accordance with its intended use, was caused to suffer and sustain bodily injuries.

132. That defendant put into the stream of commerce a product which was defectively designed manufactured and hazardous and unsafe for its intended use.

133. That the aforesaid accident was caused solely and wholly by reason that defendant **MODERN GROUP LTD.** breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied, and its negligence in the manufacture, distribution and/or sale of said product.

134. That plaintiff **NEWTON RODRIGUEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendant **MODERN GROUP LTD.**, its agents, servants, licensees and/or employees, in failing to use proper skill in manufacturing, designing and labeling of said product and its container; in failing to provide for basic, common, safety principles and features; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment, in accordance with the instructions, was defective and was unsafe and hazardous; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use; in failing to provide a safe product and causing, creating and allowing a defective, improper and poorly labeled product;  by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff and others of the dangerous, improper

Law Offices
FLAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designed labels, and warnings, and releasing same for its use to the general public;  and in otherwise being careless and negligent.

135.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdiction of all lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF NEWTON RODRIGUEZ

136.    Plaintiff, **NEWTON RODRIGUEZ**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "135" together with the same force and effect as though same were more fully set forth at length herein.

137.    That on and prior to June 7, 2005, defendant, **MODERN** was in the business of manufacturing forklifts.

138.    That on and prior to June 7, 2005, defendant, **MODERN** was in the business of selling forklifts.

139.    That on and prior to June 7, 2005, defendant, **MODERN** was in the business of distributing forklifts.

140.    That on or prior to June 7, 2005, one of the products manufactured by **MODERN** was known as a Hyster H50XL forklift.

141.    That at all times herein mentioned the defendant **MODERN** was in the business of selling, manufacturing and/or distributing the Hyster H50XL forklift for the purpose of sale and use to businesses and the general public.

Law Offices
XAVIER & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

19

142. That at all times herein mentioned and prior to June 7, 2005, the defendant **MODERN** manufactured, sold, distributed and/or delivered to various retailers the said product.

143. That on or prior to June 7, 2005 **MODERN** sold a Hyster H50XL forklift to **AMERICAN SPECIALITIES, INC.**

144. That on or prior to June 7, 2005 **MODERN** sold to **AMERICAN SPECIALITIES, INC.** a Hyster H50XL forklift , serial number C177B14816P.

145. That on or prior to June 7, 2005, **MODERN** manufactured said Hyster H50XL forklift, C177B14816P, sold to **AMERICAN SPECIALITIES, INC.**

146. That on or prior to June 7, 2005, **MODERN** was advised of a problem with the brakes of said forklift.

147. That on or prior to June 7, 2005, **MODERN** had entered into a service and/or maintenance contract with defendant **AMERICAN SPECIALITIES, INC.**, which included said forklift.

148. That on or prior to June 7, 2005, **MODERN** made repairs to the brakes of said forklift.

149. That said repairs were made in a negligent and/or careless manner.

150. That on June 7, 2005, plaintiff, **NEWTON RODRIGUEZ** operated a Hyster H50XL forklift, C177B14816P at 441 Saw Mill River Road, Yonkers, New York.

151. That on June 7, 2005, plaintiff **NEWTON RODRIGUEZ** was engaged in employment at the above-mentioned premises and used the said product of defendant **MODERN**.

152. That the defendant **MODERN** warranted that said product was fit for the purpose for which it was intended.

153. That the defendant **MODERN** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

20

154. That the defendant **MODERN** warranted that said product was of merchantable quality and was safe for use.

155. That in reliance on said warranties plaintiff used defendant's product.

156. That on June 7, 2005, plaintiff proceeded to use the said product for work in the above-mentioned premises in accordance with its intended use.

157. That plaintiff, on June 7, 2005, while using the forklift in accordance with its intended use, was caused to suffer and sustain bodily injuries.

158. That defendant put into the stream of commerce a product which was defectively designed manufactured and hazardous and unsafe for its intended use.

159. That the aforesaid accident was caused solely and wholly by reason that defendant **MODERN** breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied, and its negligence in the manufacture, distribution and/or sale of said product.

160. That plaintiff **NEWTON RODRIGUEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendant **MODERN**, its agents, servants, licensees and/or employees, in failing to use proper skill in manufacturing, designing and labeling of said product and its container; in failing to provide for basic, common, safety principles and features; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment, in accordance with the instructions, was defective and was unsafe and hazardous; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use; in failing to provide a safe product and causing, creating and allowing a defective,

Law Offices
XRAYED & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

21

improper and poorly labeled product;  by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist;  in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product;  in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designed labels, and warnings, and releasing same for its use to the general public;  and in otherwise being careless and negligent.

161.   That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdiction of all lower courts.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF NEWTON RODRIGUEZ**

162.   Plaintiff, **NEWTON RODRIGUEZ**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "161" together with the same force and effect as though same were more fully set forth at length herein.

163.   That on and prior to June 7, 2005, defendant, **STARLIFT EQUIPMENT CO, INC.** was in the business of manufacturing forklifts.

164.   That on and prior to June 7, 2005, defendant, **STARLIFT EQUIPMENT CO, INC.** was in the business of selling forklifts.

165.   That on and prior to June 7, 2005, defendant, **STARLIFT EQUIPMENT CO, INC.** was in the business of distributing forklifts.

Law Offices
JRAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

166.   That on or prior to June 7, 2005, one of the products manufactured by **STARLIFT EQUIPMENT CO, INC.** was known as a Hyster H50XL forklift.

167.   That at all times herein mentioned the defendant **STARLIFT EQUIPMENT CO, INC.** was in the business of selling, manufacturing and/or distributing the Hyster H50XL forklift for the purpose of sale and use to businesses and the general public.

168.   That at all times herein mentioned and prior to June 7, 2005, the defendant **STARLIFT EQUIPMENT CO, INC.** manufactured, sold, distributed and/or delivered to various retailers the said product.

169.   That on or prior to June 7, 2005 **STARLIFT EQUIPMENT CO, INC.** sold a Hyster H50XL forklift to **AMERICAN SPECIALITIES, INC.**

170.   That on or prior to June 7, 2005 **STARLIFT EQUIPMENT CO, INC.** sold to **AMERICAN SPECIALTIES, INC.** a Hyster H50XL forklift , serial number C177B14816P.

171.   That on or prior to June 7, 2005, **STARLIFT EQUIPMENT CO, INC.** manufactured said Hyster H50XL forklift, C177B14816P, sold to **AMERICAN SPECIALTIES, INC.**

172.   That on or prior to June 7, 2005, **STARLIFT EQUIPMENT CO, INC.** was advised of a problem with the brakes of said forklift.

173.   That on or prior to June 7, 2005, **STARLIFT EQUIPMENT CO, INC.** had entered into a service and/or maintenance contract with defendant **AMERICAN SPECIALTIES, INC.**, which included said forklift.

174.   That on or prior to June 7, 2005, **STARLIFT EQUIPMENT CO, INC.** made repairs to the brakes of said forklift.

175.   That said repairs were made in a negligent and/or careless manner.

176.   That on June 7, 2005, plaintiff, **NEWTON RODRIGUEZ** operated a Hyster H50XL forklift, C177B14816P at 441 Saw Mill River Road, Yonkers, New York.

Law Offices
XAVIER & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

23

177.  That on June 7, 2005, plaintiff **NEWTON RODRIGUEZ** was engaged in employment at the above-mentioned premises and used the said product of defendant **MODERN.**

178.  That the defendant **STARLIFT EQUIPMENT CO, INC.** warranted that said product was fit for the purpose for which it was intended.

179.  That the defendant **STARLIFT EQUIPMENT CO, INC.** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

180.  That the defendant **STARLIFT EQUIPMENT CO, INC.** warranted that said product was of merchantable quality and was safe for use.

181.  That in reliance on said warranties plaintiff used defendant's product.

182.  That on June 7, 2005, plaintiff proceeded to use the said product for work in the above-mentioned premises in accordance with its intended use.

183.  That plaintiff, on June 7, 2005, while using the forklift in accordance with its intended use, was caused to suffer and sustain bodily injuries.

184.  That defendant put into the stream of commerce a product which was defectively designed manufactured and hazardous and unsafe for its intended use.

185.  That the aforesaid accident was caused solely and wholly by reason that defendant **STARLIFT EQUIPMENT CO, INC.** breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied, and its negligence in the manufacture, distribution and/or sale of said product.

186.  That plaintiff **NEWTON RODRIGUEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendant **MODERN,** its agents, servants, licensees and/or employees, in failing to use proper skill

24

in manufacturing, designing and labeling of said product and its container;  in failing to provide for basic, common, safety principles and features;  in labeling the product in a defective and improper manner;  in failing to advise plaintiff that the equipment, in accordance with the instructions, was defective and was unsafe and hazardous;  in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use;  in failing to provide a safe product and causing, creating and allowing a defective, improper and poorly labeled product;  by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist;  in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product;  in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designed labels, and warnings, and releasing same for its use to the general public;  and in otherwise being careless and negligent.

187.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdiction of all lower courts.

Law Offices
RAVEB & ASSOCIATES, P.C.
100 WILLIAM STREET
3W YORK, NEW YORK 10038

25

**WHEREFORE,** the plaintiff **NEWTON RODRIGUEZ** demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated: New York, New York
　　　　March 12, 2007

Yours, etc.

CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
100 William Street, Ste 1205
New York, New York 10038
(212) 267-9222 Office
(212) 962-5418 Facsimile
File No.: 7115LL/CJG/alm

A TRUE COPY ATTEST

PROCESS SERVER
DANIEL R. RUSSBACH

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

## VERIFICATION

CHRISTOPHER J. GORAYEB, an attorney at law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury that:

I am member of the law firm of GORAYEB & ASSOCIATES, P.C., attorney for the plaintiff in the above entitled action; that affirmant has read the foregoing **SUMMONS and COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by plaintiff and is made by affirmant is that plaintiff is not presently in the county where the attorney for the plaintiff have their office.

Affirmant further says that the source of affirmant's information and the grounds of Affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said plaintiff.

Dated: New York, New York
        March 12, 2007

_____
CHRISTOPHER J. GORAYEB

A TRUE COPY ATTEST

_____
PROCESS SERVER
DANIEL R. RUSSBACH

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

NEWTON RODRIGUEZ,                                        **Index No.**

                              Plaintiff,

              -against-

MODERN HANDLING EQUIPMENT OF N.J., INC.,
MODERN HANDLING EQUIPMENT OF NEW YORK,
INC., MODERN GROUP LTD., MODERN, STARLIFT
EQUIPMENT CO, INC.,

                      Defendants.

---

## SUMMONS AND COMPLAINT

**GORAYEB & ASSOCIATES, P.C.**
Attorney for Plaintiff
**NEWTON RODRIGUEZ**
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7115 - PL

Pursuant to 22 NYCRR 130-1.1-a the undersigned, an attorney admitted to practice in the courts of New York State, certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within document(s) or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1.

Dated: New York, New York
       March 12, 2007

_____
Christopher J. Gorayeb

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------X

NEWTON RODRIGUEZ,

                  Plaintiff,

       -against-

MODERN HANDLING EQUIPMENT OF N.J.,
INC., MODERN HANDLING EQUIPMENT OF
NEW YORK, INC., MODERN GROUP LTD.,
MODERN, STARLIFT EQUIPMENT CO, INC.,

                Defendants.

-------------------------------------------------------X

**RESPONSE TO
DEMAND FOR RELIEF**

Index No.: 8783/07

    Plaintiff, **NEWTON RODRIGUEZ**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, in response to the Demand for Relief of **STARLIFT EQUIPMENT CO, INC.**, alleges as follows:

    Plaintiff demands damages in the sum of fifteen million dollars. Plaintiff reserves the right to raise or lower the demand at any time.

    Plaintiff reserves the right to amend and supplement the foregoing up to and including the time of trial.

DATED:   New York, New York
            July 31, 2007

                      Yours, etc.

                      ROY A. KURILOFF
                      GORAYEB & ASSOCIATES, P.C.
                      Attorney for Plaintiff
                      100 William Street, Suite 1205
                      New York, NY 10038
                      (212) 267-9222/7115 - PL/ALM

12610

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

NEWTON RODRIGUEZ,                                        **Index No. 8783/07**

                                        Plaintiff,

                -against-

MODERN HANDLING EQUIPMENT OF N.J., INC.,
MODERN HANDLING EQUIPMENT OF NEW YORK,
INC., MODERN GROUP LTD., MODERN, STARLIFT
EQUIPMENT CO, INC.,

                                Defendants.

## RESPONSE TO DEMAND FOR RELIEF

**GORAYEB & ASSOCIATES, P.C.**
Attorney for Plaintiff
NEWTON RODRIGUEZ
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7115 - PL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

———————————————————————X

NEWTON RODRIGUEZ,                                    Index No.: 8783/07

                       Plaintiff,

            -against-                              **DEMAND FOR RELIEF**

MODERN HANDLING EQUIPMENT OF NJ, INC.,
MODERN HANDLING EQUIPMENT OF NEW YORK,
INC., MODERN GROUP LTD., MODERN, STARLIFT
EQUIPMENT CO., INC.,

                      Defendants.

———————————————————————X

S I R S :

       PLEASE TAKE NOTICE that, pursuant to CPLR 3017(c) the defendant, STARLIFT

EQUIPMENT CO., INC., hereby requests that, within fifteen (15) days hereof, the plaintiff,

NEWTON RODRIGUEZ, serve a supplemental demand for relief setting forth the total

damages to which he deems himself entitled.

Dated: New York, New York
       May 11, 2007

                                Yours, etc.,

                                WHITE FLEISCHNER & FINO, LLP

                                By: _____
                                   DEANNA E. HAZEN, ESQ.
                                 Attorneys for Defendant
                                 STAIRLIFT EQUIPMENT CO., INC.
                                 140 Broadway - 36th Floor
                                 New York, New York 10005
                                 (212) 487-9700
                                 Our File No.: 101-12610-D-DEH/SEH

TO:    (See Attached Affidavit)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
COUNTY OF NEW YORK ) ss:

Hortense Zuniga, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Bronx, New York.

That on May 11, 2007, deponent served the within **DEMAND FOR RELIEF,** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:


TO:

CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street, Ste 1205
New York, New York 10038
File No.: 7115LL/CJG/alm

Michael F. Martino, Esq.
STEIN, McGUIRE, PANTAGES & GIGL
Attorneys for Defendants
MODERN HANDLING EQUIPMENT
COMPANY OF NEW JERSEY and
MODERN GROUP, LTD.
354 Eisenhower Parkway
Livingston, New Jersey 07039-0460

Hortense Zuniga

Sworn to before me this
11th day of May, 2007

WENDY A. JANTZ
Notary Public, State of New York
No. 01JA6103412
Qualified in Richmond County
Commission Expires January 23, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

NEWTON RODRIGUEZ,

                    Plaintiff,

          -against-

MODERN HANDLING EQUIPMENT OF NJ, INC.,
MODERN HANDLING EQUIPMENT OF NEW YORK,
INC., MODERN GROUP LTD., MODERN, STARLIFT
EQUIPMENT CO., INC.,

                    Defendants.

## DEMAND FOR RELIEF

### WHITE FLEISCHNER & FINO, LLP
*Attorneys for DEFENDANT,* STARLIFT EQUIPMENT CO., INC.,
**140 BROADWAY**
**NEW YORK, N.Y. 10005**
**(212) 487-9700**

*To:*
*Attorney(s) for*

*Service of a copy of the within*          is hereby admitted.
*Dated:*                                   .........................
                                           *Attorney(s) for*

*PLEASE TAKE NOTICE*
☐      *that the within is a (certified) true copy of a*
       *entered in the office of the clerk of the within named Court on*
NOTICE OF
 ENTRY        ☐   *that an Order of which the within is a true copy will be presented for*
*settlement to the Hon.*
☐      *one of the judges of the within named Court, at , on , at  .*
NOTICE OF
SETTLEMENT
*Dated:*              **WHITE FLEISCHNER & FINO, LLP**
                     *Attorneys for DEFENDANT*
                     **140 BROADWAY**
                     **NEW YORK, N.Y. 10005**

Exhibit C

# STEIN, McGUIRE, PANTAGES & GIGL, LLP

ATTORNEYS AT LAW

P.O. BOX 460

354 EISENHOWER PARKWAY

SUITE 2500

LIVINGSTON, NEW JERSEY 07039-0460

(973) 992-1100

FAX (973) 535-3990

WEBSITE: www.steinlegal.com

Sender's E Mail Address
Mmartino@steinlegal.com
File No.:75.11133

JEROME STEIN (1925-1994)
KENNETH J. McGUIRE•
JUDSON M. STEIN
JAMES L. A. PANTAGES
ROBERT B. GIGL, JR.
MICHAEL F. MARTINO•◊
R. SCOTT KING
GREGORY T. KELLER
LAWRENCE M. BERKELEY••◊
EDWARD J. SEAVER
ADAM T. ADAMS
JANET S. BAYER
GERALD J. GUNNING•
EMILY S. BARNETT•
ADAM P. DUBECK
GREGORY GRYSKO•

OF COUNSEL
WILLIAM RICIGLIANO•
NEW YORK OFFICE
232 MADISON AVENUE
SUITE 1200
NEW YORK, NY 10016
(212) 725-9888
—

BENJAMIN D. ECKMAN•
—

•MEMBER NJ & NY BARS
••MEMBER NJ, NY & CT BARS
◊CERTIFIED CIVIL TRIAL ATTORNEY

August 6, 2007

Deanna E. Hazen, Esq.
White Fleischner & Fino, LP
140 Broadway
New York, NY 10005

Re:   *Rodriguez v. Modern Handling Equipment Co., et als.*

Dear Ms. Hazen:

In accordance with our telephone discussion of July 31, 2007, please accept this correspondence as confirmation of my consent to remove this matter to the United States District Court for the Southern District of New York on behalf of defendant, Modern Handling Equipment Company of New Jersey, Inc. and The Modern Group Limited.

This will also confirm that Modern Handling Equipment Company of New York, Inc. was previously dissolved prior to the alleged incident which forms the subject matter of plaintiff's claims/causes of action.

Very truly yours,

STEIN, McGUIRE, PANTAGES & GIGL

MICHAEL F. MARTINO

MFM/lm

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Lauren Riccio Meltzer, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on August 17, 2007, deponent served the within Notice of Removal upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Supreme Court of the State of New York
County of Bronx
851 Grand Concourse
Bronx, New York 10451

,Roy A. Kuriloff, Esq.
GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
(212) 962-5418 Fax

Michael F. Martino, Esq.
STEIN, McGUIRE, PANTAGES & GIGL
Attorneys for Defendants
MODERN HANDLING EQUIPMENT
COMPANY OF NEW JERSEY, INC. and
MODERN GROUP, LTD.
354 Eisenhower Parkway
Livingston, New Jersey 07039-0460
(973) 992-1100
(973) 535-3990 Fax

232 Madison Avenue, Suite1200
New York, New York 10016
(212) 725-9888
**Please reply to New Jersey Office**

Sworn to before me this
17th day of August, 2007

_____
Lauren Riccio Meltzer

YVONNE MIRANDA
Notary Public - State of New York
NO. 01MI6109672
Qualified In New York County
My Commission Expires   5-17-08

*Index No.*                                              *Year*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEWTON RODRIGUEZ,

Plaintiff,

   - against -

MODERN  HANDLING  EQUIPMENT  OF  NJ,  INC.,  MODERN  HANDLING
EQUIPMENT  OF  NEW  YORK,  MODERN  GROUP,  LTD,  MODERN,  STARLIFT
EQUIPMENT CO., INC.,

Defendants.

## NOTICE OF REMOVAL

**WHITE FLEISCHNER & FINO, LLP**

*Attorneys for Defendant*
*STARLIFT EQUIPMENT CO., INC.*
**140 BROADWAY**
**NEW YORK, N.Y. 10005**
**(212) 487-9700**

To:
*Attorney(s) for*

*Service of a copy of the within*          is hereby admitted.
*Dated:*

........................
*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*
**NOTICE OF**
**ENTRY**

☐  *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
     *one of the judges of the within named Court, at , on , at   .*
**NOTICE OF**
**SETTLEMENT**

*Dated:*

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for Defendant – STARLIFT EQUIPMENT CO., INC.*
**140 BROADWAY**
**NEW YORK, N.Y. 10005**
