**WHITE FLEISCHNER & FINO, LLP**  61 BROADWAY, NEW YORK, NY 10006
212.487.9777   WWW.WFF-LAW.COM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/08

August 12, 2008

Via Fax #212-805-6326
Hon. Colleen McMahon
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

*Request to extend discovery deadline IS DENIED*
*[signed] Colleen McM*

Re:   Rodriguez, Newton v. Modern Handling Equipment of NJ, Inc., Modern Handling Equipment of New York, Inc., Modern Group Ltd., Modern, Starlift Equipment Co., Inc.
      Index No.: 1:07-CV-07349
      Our File No.: 101-12610-D-DEH/SEH

Dear Justice McMahon:

White, Fleischner & Fino, LLP represents the defendant Starlift Equipment Co., Inc., in the above-referenced matter. Plaintiff, Newton Rodriguez, an employee of American Specialties, Inc., alleges that on June 7, 2005, he was injured when brakes of a running Hyster forklift disengaged, causing him to become pinned.

By application filed March 20, 2008, Plaintiff requested, and was granted, an extension of the original discovery deadline set by the Civil Case Management Plan dated October 11, 2007. In adjourning the end date from May 29, 2008 to August 29, 2008, this Honorable Court cautioned that all discovery must be completed within the allotted period. With the court's directive in mind, the parties have worked diligently to complete discovery in a timely manner. The depositions of Plaintiff, co-defendant Modern Handling Equipment and Starlift, by its President and its mechanic, have concluded as have the medical examinations of Plaintiff.

Pursuant to the information elicited through the depositions and the voluminous discovery, the parties executed a Stipulation of Discontinuance dismissing Plaintiff's Complaint and all cross-claims as against Modern Handling. The discovery to date also revealed that immediately following the accident, Plaintiff's employer, American Specialties, Inc., the Yonkers Police Department and OSHA, conducted inspections of the forklift. Our office has worked assiduously to procure the testimony of the relevant witnesses regarding their findings. After identifying the necessary individuals and accommodating the schedules of all parties, the depositions of the two witnesses from American Specialties were noticed for August 20, 2008. However, on August 11, 2008,

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY   •   WHITE PLAINS, NEW YORK   •   GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA   •   BOCA RATON, FLORIDA
LONDON, ENGLAND

Hon. Colleen McMahon
August 12, 2008
Page 2

the personal attorney representing these American Specialties' employees advised that he will be unable to make the selected date and seeks to reschedule for early September.

Identifying the witness for OSHA has proven challenging as OSHA rules indicate that OSHA does not report findings and investigation, fines or other data related to OSHA claims to third parties. As such only redacted records were provided and OSHA refused to name the actual inspector. After continuous efforts with the Department of Labor, the deposition of the still unidentified agent has been noticed for August 27, 2008.

The depositions of American Specialties and OSHA are necessary as both conducted investigations as to the cause of the incident, including the only inspections of the subject forklift immediately following Plaintiff's incident. This information is unique and cannot be duplicated or obtained elsewhere as the forklift is not now in the same condition as it was on June 7, 2005. Moreover, the information sought is critical for our liability expert to complete his opinion. Accordingly, I most respectfully request a further 90-day extension of the discovery deadline; 45-days in which to complete the depositions and provide the remaining expert disclosure to Plaintiff and an additional 45-days should Plaintiff wish to depose any of our defense experts.

Handling counsel for the Plaintiff is currently on vacation but I have spoken with her associate who has contacted her directly and am assured that she does not object to the requested extension of time. Enclosed please find a proposed Revised Scheduling Order.

I thank you for your consideration and courtesies in this matter.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

Dionne G. Sinclair
dsinclair@wff-law.com
DGS/dag

cc:

Christopher J. Gorayeb, Esq.
GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
(212) 962-5418 Fax