| WHITE FLEISCHNER & FINO, LLP | 61 BROADWAY, NEW YORK, NY 10006<br>T 212.487.9700   F 212.487.9777   WWW.WFF-LAW.COM |

August 19, 2008

## MEMO ENDORSED



*Via Fax #212-805-6326*
Hon. Colleen McMahon
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

Re:    Rodriguez, Newton v. Modern Handling Equipment of NJ, Inc., Modern Handling
       Equipment of New York, Inc., Modern Group Ltd., Modern, Starlift Equipment
       Co., Inc.
       Index No.: 1:07-CV-07349
       Our File No.: 101-12610-D-DEH/SEH

Dear Justice McMahon:

I thank you for your consideration of the August 12, 2008 application made on behalf of
Starlift Equipment Co., Inc. Said application sought further time in which to complete
discovery and was subsequently denied. Most respectfully, please permit this
correspondence to request a conference with the court to address the status of discovery
and petition for additional time.

Starlift Equipment is sued herein with respect to the servicing of a forklift not within their
possession or control. Their work to the subject machine was completed on May 13,
2005. They received no complaints and had no knowledge of the alleged accident until
receipt of Plaintiff's Complaint years later. Accordingly, information as to the happening
of the incident and inspection of the forklift involves non-party individuals and agencies.

Even prior to this honorable court's directives upon granting the March 19, 2008 request
by Plaintiff to extend the discovery deadline set by the Civil Case Management Plan
dated October 11, 2007, from May 29, 2008 to August 29, 2008, my office has worked
diligently to procure the necessary facts, information and evidence with which to
properly defend Starlift Equipment. However, still outstanding are the depositions of the
non-party witnesses and Plaintiff's vocational examination. These result from the initial
lack of cooperation of Plaintiff's employer and owner of the forklift, American
Specialties, Inc., as well as OSHA's continued resistance to producing their reports and
inspector for testimony.

My office first contacted American Specialties upon appearing as attorneys for Starlift
Equipment, in 2007. Not until several months later, did American Specialties identify the
individuals with information relevant to the action and that OSHA and the Yonkers

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY    •    WHITE PLAINS, NEW YORK    •    GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA    •    BOCA RATON, FLORIDA
LONDON, ENGLAND

Hon. Colleen McMahon
August 19, 2008
Page 2

Police Department performed post accident inspections. The deposition of witnesses on behalf of American Specialties, previously scheduled for August 20, 2008, could not go forward as their counsel is unavailable due to a medical emergency. The deposition has been confirmed for August 28, 2008. Attempts to produce the OSHA inspector for testimony were initiated in June 2008. On August 14, 2008, citing their belief that the requested information must be available through other sources, the Department of Labor declined to authorize OSHA to produce the subpoenaed records or inspector at the deposition noticed for August 27, 2008. Said information, which includes OSHA's reports and investigative findings, are not in fact otherwise available and my office is moving to obtain same. Moreover, with the Plaintiff currently in the Dominican Republic, the vocational examination cannot be conducted within the allotted time.

The depositions sought are of the only individuals to inspect the machine at issue immediately following the subject accident. Their testimony is integral to Starlift Equipment's defense and cannot be duplicated. The information sought is also critical for our liability expert to complete his opinion, following which the Plaintiff has indicated their desire to conduct a deposition. Accordingly, I most respectfully request the opportunity to appear with plaintiff at a conference before the Court to resolve these and any other outstanding issues.

I thank you for your continued consideration and courtesies in this matter.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

Dionne G. Sinclair
dsinclair@wff-law.com
DGS/am

cc:

Gail Mota, Esq. (Via Telefax)
GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street, Suite 1205
New York, New York 10038
(212) 962-5418 Fax

09/04/08
The instant application, to extend the time for the parties to engage in pretrial discovery activities, is denied for the reasons provided to the parties during a telephonic conference on 09/04/08.
SO ORDERED!

Kevin Nathaniel Fox

Hon. Kevin Nathaniel Fox
United States Magistrate Judge